BARRY A. SCHERR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scherr v. Commissioner
Docket No. 25547-89.
United States Tax Court
T.C. Memo 1995-388; 1995 Tax Ct. Memo LEXIS 391; 70 T.C.M. (CCH) 408; August 15, 1995, Filed *391 An appropriate order granting respondent's motion for entry of default judgment and decision for respondent will be entered. Barry A. Scherr, pro se. Michael W. Bitner, for respondent. CHIECHI, Judge CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: This case is before the Court on respondent's motion under Rule 123(a) [1] requesting that petitioner be held in default on the issues remaining in this case (motion for default judgment). [2]
Background
Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
1980
$ 40,038.88
$ 2,001.94
--   --
1981
45,706.97
--   $ 2,285.35 *
1982
56,883.41
--   2,844.17 *
* 50 percent of the interest due on $ 45,706.97 for 1981 and on $ 56,883.41 for 1982.
*392 Petitioner, who was a physician, resided in Quincy, Illinois, at the time the petition was filed. On August 30, 1994, respondent filed with the Court the original of respondent's first request for admissions (request for admissions), a copy of which respondent served on petitioner on August 26, 1994. Petitioner failed to respond to respondent's request for admissions within 30 days after service of that request. Consequently, pursuant to Rule 90(c), each matter set forth therein is deemed admitted. On June 22, 1994, the Court mailed petitioner (1) a notice setting this case for trial (notice of trial) at the trial session beginning on December 5, 1994, at Chicago, Illinois (December 5 trial session) and (2) its standing pretrial order. Respondent represents in her motion for default judgment, and petitioner does not dispute, the following: After the issuance of the notice of trial by the Court, respondent's counsel requested in three separate letters that were sent to petitioner's then counsel of record in this case, R. Stephen Scott (Mr. Scott), that petitioner join respondent in preparing this case for trial. Petitioner failed to respond to any of those three letters. Consequently, *393 in an attempt to prepare this case for trial and in light of the deadlines for certain pretrial activity imposed by this Court's Rules, on August 26, 1994, respondent served on petitioner through Mr. Scott formal discovery requests (viz., interrogatories and a request for production of documents) and a request for admissions. On September 21, 1994, while respondent's discovery requests and her request for admissions were pending, Mr. Scott filed a motion pursuant to Rule 24(c) to withdraw as attorney of record for petitioner (motion to withdraw) in which he requested that the Court allow him to withdraw because he could no longer adequately represent petitioner. In support of that motion, Mr. Scott represented, inter alia, that (1) he had been counsel of record for petitioner since September 1989 and, as such, had experienced great difficulty in communicating with petitioner with respect to this case and in collecting payment from petitioner for legal fees for his representation herein; (2) he had had no contact with petitioner for the six-month period prior to the date on which he was filing his motion to withdraw; (3) he had been unable to learn petitioner's then address, since *394 regular mail and certified mail addressed to petitioner had been returned undelivered or unclaimed and there had been no response at the telephone number he had been provided for petitioner; and (4) he had not even been able to communicate the trial date in this case to petitioner, since both his certified and first class mailings to petitioner of the notice of trial had been returned by the U.S. Postal Service (Postal Service) as "undeliverable with no forwarding address on file." On September 21, 1994, respondent filed an objection to Mr. Scott's motion to withdraw on the ground that allowing him to withdraw would have a negative impact on respondent's outstanding formal discovery requests and request for admissions that respondent made solely in an effort to prepare this case for trial. On September 23, 1994, the Court calendared Mr. Scott's motion to withdraw for hearing at its December 5 trial session and ordered counsel for petitioner and for respondent to endeavor to locate and contact petitioner. On October 3, 1994, Mr. Scott filed a motion on behalf of petitioner for extension of time (motion for time) to respond to respondent's discovery requests and her request for admissions. *395 However, that motion for time was served on respondent on September 30, 1994, more than 30 days after respondent served a copy of her request for admissions on petitioner and, consequently, after each matter in such request had been deemed admitted pursuant to Rule 90(c). In support of petitioner's motion for time, Mr. Scott represented that he was unable to complete responses to respondent's requests without petitioner's cooperation and participation, since only petitioner had the information necessary to respond to such requests. On October 6, 1994, the Court granted petitioner's motion for time and ordered petitioner to respond to respondent's discovery requests by November 4, 1994. The Court also ordered Mr. Scott to file by November 7, 1994, a written status report as to the results of his efforts to locate and contact petitioner. On November 8, 1994, Mr. Scott filed a status report with the Court (November 8 status report) advising the Court that he had obtained an address for petitioner from respondent's counsel and that he had sent correspondence to petitioner, via first class mail and certified mail, to that address as well as to petitioner's last known address, in which *396 he requested petitioner to contact him. According to Mr. Scott, such correspondence included the Court's notice of trial, all pending motions and objections, respondent's discovery requests, her request for admissions, and the Court's orders dated September 23, 1994, and October 6, 1994. Mr. Scott's November 8 status report further informed the Court that all such correspondence had been returned to Mr. Scott as unclaimed or otherwise undeliverable and described Mr. Scott's unsuccessful efforts to obtain a telephone number for petitioner at the address provided by respondent's counsel. On November 7, 1994, Mr. Scott submitted a document that the Court filed as a motion on behalf of petitioner for leave to file responses to respondent's discovery requests. On November 8, 1994, the Court granted that motion, ordered petitioner to respond to those requests on or before November 16, 1994, and ordered respondent to file a written report with the Court on or before November 21, 1994, informing the Court whether petitioner had responded to respondent's discovery requests. On November 18, 1994, almost three months after respondent served on petitioner her request for admissions, Mr. Scott *397 filed on behalf of petitioner a motion to withdraw deemed admissions and lodged on behalf of petitioner a purported response to respondent's request for admissions. The Court denied that motion on November 21, 1994, and did not file that untimely purported response by petitioner to respondent's request for admissions. On November 21, 1994, respondent filed a report as ordered by the Court on November 8, 1994, in which she indicated that respondent received responses from Mr. Scott to her discovery requests and to which she attached copies of such responses. Those responses (1) directed respondent to petitioner's petition in this case, (2) indicated that the only person known to have information regarding the issues set forth in the petition is the petitioner, Barry A. Scherr, whose address, telephone number, and whereabouts were unknown to Mr. Scott, and (3) directed respondent to all documents previously provided to respondent in connection with the prior hearings and trial in this case with respect to which this Court issued two opinions in Scherr v. Commissioner, T.C. Memos. 1993-87 and 1991-92. On December 5, 1994, this case was called from the calendar for the trial session *398 of the Court at Chicago, Illinois. Since neither Mr. Scott nor counsel for respondent had been able to locate petitioner after diligent efforts to do so, neither expected him to appear when this case was called for trial at the December 5 trial session. Petitioner did appear, however, and both Mr. Scott and counsel for respondent expressed their surprise at his appearance. On December 5, 1994, this case was recalled for hearing (December 5 hearing) on Mr. Scott's motion to withdraw as counsel of record in this case. At that hearing, petitioner indicated that he had no objection to the granting of Mr. Scott's motion, and counsel for respondent withdrew respondent's objection to that motion. Consequently, the Court granted Mr. Scott's motion to withdraw. At the conclusion of the December 5 hearing, the Court ordered petitioner and respondent to meet for the purpose of preparing a stipulation of facts for trial, as required by Rule 91(a) and the Court's standing pretrial order, and to lodge such stipulation with the Court by 9:00 a.m. on December 6, 1994. On December 6, 1994, this case was recalled for trial (December 6 recall). At that recall, and in her motion for default judgment, *399 respondent represented, and petitioner did not dispute, (1) that counsel for respondent met with petitioner following the December 5 hearing in an effort to comply with the Court's December 5 order, its standing pretrial order, and Rule 91(a) that the parties stipulate the facts in this case to the extent possible, and (2) that while respondent had agreed to stipulate numerous documents offered by petitioner that relate to another case in this Court involving petitioner (i.e., Scherr v. Commissioner, docket No. 31420-87, in which the parties had filed a stipulation of settled issues and the Court had entered a decision based on that stipulation as construed by us in our Opinion in ), [3] petitioner had refused to stipulate to the deemed admissions herein. *400 At the December 6 recall and in her motion for default judgment, respondent further represented, and petitioner did not dispute, the following: At about 8:30 a.m. on December 6, 1994, respondent's counsel presented to petitioner a proposed stipulation of facts that he had signed on behalf of respondent and that included both the documents to which petitioner wanted respondent to stipulate and the deemed admissions to which respondent wanted petitioner to stipulate. Petitioner again informed respondent's counsel that he refused to agree to the proposed stipulation of facts because it contained the deemed admissions. Respondent's counsel then left the room where he had been meeting with petitioner. During respondent's counsel's absence, petitioner lined through the narrative paragraphs of the proposed stipulation of facts that contained the deemed admissions and, without consulting with respondent's counsel, provided that document to the Court's trial clerk and represented to her that the parties had "agreed" to it and wished to lodge it with the Court. Upon learning what petitioner had done, at about 9 a.m. on December 6, 1994, respondent's counsel advised the trial clerk that the *401 document that petitioner had provided to the Court was not an "agreed" stipulation of facts in this case. Based on the representations by respondent's counsel at the December 6 recall, which petitioner did not dispute, the Court directed the trial clerk to return to the parties the document that petitioner had misrepresented to the Court constituted an "agreed" stipulation of facts in this case. The Court then proceeded to allow the parties to make opening statements. In his opening statement, petitioner advised the Court that he had three arguments which he believed supported his position that respondent's determinations in the notice of deficiency underlying the instant case are wrong and should therefore be rejected. First, petitioner argued that the stipulation of settled issues in Scherr v. Commissioner, docket No. 31420-87, controlled resolution of the issues remaining in the present case. Second, petitioner argued that, under the doctrine of res judicata, Scherr v. Commissioner, docket No. 31420-87, resolved the issues in the present case. Third, petitioner argued that the Court should review the Opinion it had previously rendered in this case in . *402 The Court informed petitioner at the December 6 recall that while it saw no merit in any of the three arguments he had made in his opening statement, he was free to advance on brief those and any additional arguments he wished to make. In his opening statement, respondent's counsel represented to the Court that all of the issues remaining in the present case are resolved by the deemed admissions herein. Upon hearing that, the Court informed the parties that, assuming arguendo respondent's counsel were correct in his representation that all of the issues remaining in this case are disposed of by the deemed admissions, the Court would entertain an oral motion by respondent for leave to file a written motion for summary judgment on those remaining issues. The Court further advised the parties that if such a motion for summary disposition were filed by respondent and if the Court were to find that, contrary to the representation of respondent's counsel, there remained genuine issues of material fact for trial, it would deny that motion. After the parties' opening statements were concluded, respondent orally moved for leave to file a written motion for summary judgment on the issues *403 remaining in this case. The Court granted that oral motion and ordered (1) respondent to file a written motion for summary judgment on those issues on or before January 20, 1995, (2) petitioner to file a response to respondent's motion on or before February 21, 1995, and (3) respondent to file a reply to petitioner's response on or before March 21, 1995. In view of petitioner's failure to apprise the Court, his then counsel of record, and respondent of his whereabouts during the six-month period preceding the call of this case from the calendar at the December 5 trial session, the Court ordered petitioner at the December 6 recall to state on the record his mailing address. Petitioner was unwilling to state such an address, and the Court had to press the issue until ultimately petitioner provided the following address as his mailing address: c/o Woody Braugher, 756 Ohio, Quincy, Illinois 62301. Petitioner's six-month refusal to disclose his mailing address in this case resulted in petitioner's failure to proceed as required by, and to comply with, this Court's Rules, standing pretrial order, and other orders relating to the parties' responsibilities to prepare the remaining issues *404 in this case for trial. In light of that history and petitioner's unwillingness to state his mailing address on the record at the December 6 recall, the Court informed the parties at that recall that if any papers from the Court or from respondent were returned because the mailing address provided by petitioner at the December 6 recall is not an address at which he could be contacted, the Court would entertain a motion by respondent to dismiss this case. The Court also advised petitioner at the December 6 recall that if his mailing address were to change, the Court's Rules would require him to notify the Court promptly of his new mailing address. On December 29, 1994, the Court served two orders on respondent and on petitioner. Service on petitioner was made by certified mail at the mailing address he stated on the record at the December 6 recall. Both of those orders were returned by the Postal Service because, according to the Postal Service, there is no such street number as provided by petitioner. In her motion for default judgment, respondent represents, and petitioner does not dispute, the following: Counsel for respondent, by letter dated December 7, 1994 (December 7 letter), *405 attempted to return certain documents to petitioner by certified mail, return receipt requested, restricted delivery, to the mailing address petitioner stated on the record at the December 6 recall. On December 13, 1994, the envelope in which the December 7 letter and enclosures were sent to petitioner was returned to counsel for respondent unopened and with a notation from the Postal Service that there is no such street number as provided by petitioner. After the December 7 letter was returned by the Postal Service, respondent made further unsuccessful attempts to obtain a current mailing address for petitioner. On December 16, 1994, respondent filed the motion for default judgment before us. On March 9, 1995, the Court issued an order (March 9 order) requiring petitioner to file on or before April 7, 1995, a written response to that motion. The March 9 order was served on petitioner by certified mail at the address he stated on the record at the December 6 recall. That order was returned by the Postal Service because, according to the Postal Service, there is no such street number as provided by petitioner. Discussion
Petitioner has the burden of proof on all issues remaining *406 in this case. Rule 142(a); Not only has petitioner failed to carry that burden, he has also defaulted within the meaning of Rule 123(a). That Rule provides in pertinent part that the Court may hold a party in default if such party "has failed to plead or otherwise proceed as provided by these Rules". Petitioner has failed to proceed with prosecution of this case as provided by Rule 123(a). For approximately six months prior to the call of this case from the calendar at the December 5 trial session, petitioner refused to disclose his whereabouts to the Court, his then counsel, and respondent. Such refusal resulted in petitioner's failure to proceed as required by, and to comply with, this Court's Rules, standing pretrial order, and other orders relating to the responsibilities of the parties to prepare this case for trial. Even after the Court again ordered the parties at the December 5 hearing to prepare and submit a stipulation of facts for trial with respect to the issues remaining in this case, petitioner refused to do so. Nevertheless, he attempted to lodge with the Court a document that he misrepresented *407 to the Court was a stipulation of facts to which the parties had agreed. It is also significant that petitioner was unwilling to provide his mailing address to the Court at the December 6 recall, the Court had to press the issue until he ultimately provided a mailing address, and the mailings by the Court and respondent to the address provided by petitioner at the December 6 recall were returned because that address does not even exist. [4]
Under the facts and circumstances presented here, we find petitioner in default. [5] Rule 123(a). *408 To reflect the foregoing and the Opinions of this Court in Scherr v. Commissioner, T.C. Memos. 1993-87 and 1991-92, An appropriate order granting respondent's motion for entry of default judgment and decision for respondent will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years at issue.↩
2. On two prior occasions, petitioner unsuccessfully sought to cause a decision to be entered in his favor in this case. See ; .↩
3. One document that petitioner presented to respondent for stipulation does relate to the present case (i.e., the protest he filed to the revenue agent's report for the years at issue herein).↩
4. At the Dec. 6 recall, petitioner advanced three legal arguments that he asserted disposed of the issues remaining herein. He did not indicate at that recall that he wanted to present any facts relating to those issues.↩
5. We note that if respondent had filed a motion for summary judgment on the issues remaining in this case, we would have granted it based on the record before us.↩